UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ETHAN KARAVANI,

                       Plaintiff,

    -against-

NOOKLYN, INC.

                       Defendant.
------------------------------------------------------------ x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 08 2020 ★
BROOKLYN OFFICE

MEMORANDUM & ORDER
19-cv-1588 (ENV) (RER)

VITALIANO, D.J.

    Plaintiff Ethan Karavani ("Karavani") brought this action against defendant Nooklyn, Inc. ("Nooklyn") alleging copyright infringement under Section 501 of the Copyright Act and for removal/and or alteration of copyright management information under Section 1202(b) of the Digital Millenium Copyright Act. Plaintiff alleges defendant made and publicly displayed unauthorized reproductions of copyrighted photos of an apartment.

    On August 27, 2019, Magistrate Judge Richard E. Reyes granted in part and denied in part defendant's motion for a pre-motion conference seeking to file a motion for bond in the amount of $70,000. Judge Reyes found that a pre-motion conference was unnecessary and ordered Karavani to post a bond in the amount of $15,000 no later than September 3, 2019. *See* August 27, 2019 docket order. On the same day, Karavani filed a motion to stay Judge Reyes's order and announced his intention to appeal by September 10, 2019. Dkt. 25. Defendant opposed the requested stay, and sought a stay of discovery in the alternative. Dkt. 27. On August 29, 2019, Judge Reyes granted Karavani's motion to stay pending appeal, as well as Nooklyn's motion to stay discovery during the pendency of the appeal. September 10, 2019

1



came and went without appeal by plaintiff. On September 13, 2019, defendant moved to vacate the motion facilitating an appeal by plaintiff, and, that same day, plaintiff filed a motion to vacate the order requiring the bond. *See* Dkts. 29, 30. For the reasons stated below, Judge Reyes's Order is affirmed and the appeal is dismissed.[1]

## Standard of Review

Generally, "[m]agistrate judges have broad discretion in resolving nondispositive matters . . . ." *Gorman v. Polar Electro, Inc.*, 137 F. Supp. 2d 223, 226 (E.D.N.Y. 2001). Nevertheless, a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Hence, a party may challenge a magistrate judge's pretrial order on a nondispositive matter within 14 days of the entry of the order. Fed. R. Civ. P. 72(a).

"An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Rathgaber v. Town of Oyster Bay*, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). In line with this deferential approach, "the magistrate judge's finding should not be rejected merely because the court would have decided the matter differently." *Graves v. Deutsche Bank Securities Inc.*, 07-Civ.-5471 (BSJ), 2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010), *aff'd*, 548 F. App'x 654 (2d Cir. 2013). Pointedly, this highly deferential standard of review imposes a "heavy burden" on the party challenging the order. *Com-Tech Assocs. v.*

---

[1] In defendant's September 13, 2019 letter motion, defendant seems to seek the Court's assistance in "command[ing] Mr. Liebowitz to appear in Court with Mr. Karavani present to answer three questions" related to Karavani's claim. Dkt. 31 at 1. This is a matter reserved for pre-trial management by Judge Reyes.

2

*Computer Assocs. Int'l, Inc.*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir. 1991). The Supreme Court has emphasized that an order can only be found to be "clearly erroneous" when the reviewing court upon canvassing the entire record, "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L.Ed. 746 (1948).

## Discussion

Assuming solely for the purposes of argument that Karavani's objections are timely, the Court considers them and finds them meritless. Specifically, Karavani alleges that Judge Reyes's decision is lacking in reason and analysis and fails to consider the factors under Local Rule 54.2. Local Rule 54.2 permits the Court "on motion or on its own initiative, [to] order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." The bond may be used for potential statutory attorney's fees. *See Jackson Lee v. W Architecture and Landscape Architecture*, No. 18 CV 05820 (PKC) (CLP)(EDNY) (2019); Fed. R. Civ. Pro. 68(d). The six factors courts consider, which are clearly satisfied in this case, are: "(1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders." It is within the Court's discretion to order a bond, and "the primary purpose of the bond requirement is to insure that whatever assets a party does possess will not have been dissipated or otherwise have become unreachable by the time such costs actually are awarded." *Selletti v. Carey*, 173 F.3d 104, 112 (2d Cir. 1999); *see also Teri v. Oxford Mgmt. Servs., Inc.*, No. 05 CV 2777 DRH WDW, 2013 WL 132660, at *2 (E.D.N.Y. Jan. 10, 2013).

3

Very much continuing plaintiff's shoot from the hip arguments, Karavani asserts Judge Reyes did not thoroughly analyze the factors. Dkt. 30 at 2. Plaintiff's argument fails. The bond order was well founded in the analysis Judge Reyes performed and was heavily buttressed multiple recent cases where plaintiff's attorney has been ordered to post a bond and been previously sanctioned for misconduct in similar circumstances.[2] Arguing the Court blunders, Karavani disparages the use of a Rule 54 bond as a "pay to play" device. *Id.* Plaintiff's argument that the merits of a claim should override any other concerns falls flat. Even the cases he cites do not support this narrow focus. *See, e.g., Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08 CIV. 01533, 2010 WL 3452375, at *4 (S.D.N.Y. Sept. 1, 2010). Simply, whether a case is meritorious does not resolve whether a Rule 54 bond is appropriate.

Finally, plaintiff somewhat inscrutably, appears to concoct a theory under which defendant does not prevail as an argument to deny a bond to ensure the payment of fees and costs that will not shift to plaintiff. True, in the end, defendant might not prevail, but that does not end the debate about the appropriateness of a bond. And, of course, defendant may successfully defend, too. With that in mind, defendant sought, pursuant to Local Rule 54.2, a bond for costs and attorney's fees, "which may be awarded to the prevailing party in a copyright action." *Carey*, 173 F.3d at 110; *see also Leibowitz v. Galore Media, Inc.*, No. 18-CV-2626 (RA) (HBP), 2018 WL 4519208, at *2 (S.D.N.Y. Sept. 20, 2018) (analyzing and rejecting Attorney

---

[2] *See Rice v. Musee Lingerie, LLC*, No. 18-CV-9130 (AJN), 2019 WL 2865210, at *2-3 (S.D.N.Y. July 3, 2019); *Leibowitz v. Galore Media, Inc.*, No. 18-CV-2626 (RA) (HBP), 2018 WL 4519208, at *2 (S.D.N.Y. Sept. 20, 2018); *Reynolds v. Hearst Commc'ns, Inc.*, No. 17-CV-6720 (DLC), 2018 WL 1229840, at *3-5 (S.D.N.Y. Mar. 5, 2018) ("Mr. Liebowitz has filed over 500 cases in this district in the past twenty-four months. He has been labelled a copyright troll.") (internal quotation omitted), *reconsideration denied*, 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018).

Liebowitz's argument); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007). At bottom, reviewing the record in its entirety, the bond as ordered by Judge Reyes was anything but "clearly erroneous" or "contrary to law".

## Conclusion

Finding the Order of Magistrate Judge Ramon E. Reyes requiring the posting of bond in the amount of $15,000, is neither clearly erroneous nor contrary to law, the Order is affirmed and the appeal is dismissed.

So Ordered.

Dated: Brooklyn, New York
December 13, 2019

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge